UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL BLANC, on behalf
of himself and all similarly situated
employees,

    Plaintiffs/Counter Defendants,

vs.                                                                   CASE NO. 3:07-cv-1200-J-25TEM

SAFETOUCH, INC.,

    Defendant/Counter Plaintiff.

_____

## O R D E R

This matter comes before the Court on Plaintiffs' Motion to Strike Defendant's Affirmative Defenses to Plaintiffs' Complaint and Incorporated Memorandum of Law (Doc. #18, Motion to Strike) and Defendant's response thereto (Doc. #21, Response). Plaintiffs' Motion to Strike requests that the Court strike several of Defendant's affirmative defenses contained within in its answer (Doc. #7). For the following reasons, the Motion to Strike shall be **DENIED in part**.

As a preliminary matter, the Court notes Plaintiffs' Motion to Strike is untimely. Federal Rule of Civil Procedure 12(f) states:

> Upon motion made by a party before responding to a pleading, or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Defendant filed its answer and affirmative defenses on January 30, 2008 (Doc. #7). Plaintiffs filed their Motion to Strike on April 24, 2008 (Doc. #18). Since the Federal Rules

of Civil Procedure do not permit a responsive pleading to an answer, Plaintiffs had only 20 days after being served with Defendant's answer and affirmative defenses to file a motion to strike any defenses.  Plaintiffs filed their Motion to Strike 84 days after Defendant filed its answer.[1]  Although Plaintiffs' Motion to Strike is untimely and can be denied on that basis alone, the Court will nevertheless address the merits of the instant motion.

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense"; however, it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law.  *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F.Supp.2d 1326 (S.D. Fla. 1999).  A "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574 (M.D. Fla. 1995).

Plaintiffs argue in their Motion to Strike that Defendant's First affirmative defense, failure to state a claim for which relief can be granted, Defendant's Fourth affirmative defense, good faith, and Defendant's Tenth affirmative defense, set-off, fail to provide Plaintiffs specific supporting facts or fair notice of the nature of the defenses (Doc. #18 at 4-8).

---

[1] Defendant's answer and affirmative defenses (Doc. #7) was filed on January 30, 2008 and the instant motion (Doc. #18) was filed on April 24, 2008.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant must "state in short and plain terms its defenses to each claim asserted against it."  Under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense.  The pleading need only give fair notice of the asserted defense(s) "so that opposing parties may respond, undertake discovery, and prepare for trial.  Thus, for example, a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements."  *McGlothan v. Walmart Stores, Inc.*, No. 6:06-CV-94-ORL-28JGG, 2006 WL 1679592 at *1 (M.D. Fla. June 14, 2006).[2]

The Court finds Defendant stated the aforementioned affirmative defenses in short and plain terms, and that those affirmative defenses adequately place Plaintiffs on notice as to the issues to be litigated.  In addition, the Court does not find the aforementioned affirmative defenses confuse the issues, unnecessarily prejudice a party, or lack relationship to the controversy.

Plaintiffs also argue that Defendant is not entitled to the affirmative defense of set-off because set-off is only an appropriate defense in cases where a party seeks unpaid overtime compensation (Doc. #18 at 8).  Plaintiff's complaint, however, explicitly seeks damages for "unpaid overtime wages" (Doc. #1 at 3).  As such, the Court finds Defendant's affirmative defense of set-off may be pled in this case.

Additionally, Plaintiffs claim that Defendant's affirmative defenses of estoppel and unclean hands are invalid defenses to claims under the Fair Labor Standards Act ("FLSA")

---

[2]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

(Doc. #18 at 6-7). Review of the relevant case law, however, reveals that unclean hands and estoppel are valid defenses to FLSA claims under certain circumstances. The unclean hands defense allows courts to take into account a plaintiff's wrongdoing when analyzing remedies in a FLSA action. *See McGlothan,* 2006 WL 1679592 at *3.

Furthermore, courts have allowed the defense of estoppel in a FLSA action where a plaintiff affirmatively misleads a defendant employer. *See e.g., Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972) (holding employee who, in order to maintain her job, understated the number of hours it took her to complete a particular job was estopped from recovering compensation for extra hours worked).[3]

Here, Plaintiffs claim damages for unpaid overtime wages (Doc. #1 at 3). Defendant claims its affirmative defenses of estoppel and unclean hands are based upon Plaintiff's misrepresentation of the number of hours he worked (Doc. #21 at 7). Along with its answer and affirmative defenses, Defendant filed a counterclaim against Plaintiff for conversion (Doc. #7). Defendant's conversion counterclaim states, while Plaintiff was supposed to be working for and fulfilling his job responsibilities to Defendant, Plaintiff used Defendant's property for his own personal business venture (Doc #7 at ¶ 9). Accordingly, the Court finds the instant affirmative defenses of estoppel and unclean hands are similar to the affirmative defenses asserted by the defendant in *Brumbelow*, *supra*, and, therefore, should not be stricken.

The Court notes that in its response in opposition to Plaintiff's Motion to Strike (Doc. #21), Defendant stated it would voluntarily withdraw its Second affirmative defense, latches,

---

[3] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

and its Fifth affirmative defense, failure to mitigate damages, should the Court decide to review the merits of the instant motion (Doc. #21 at 2).  Since the Court has addressed the merits of the instant motion, Defendant may amend its answer regarding the voluntary withdrawal of the affirmative defenses of laches and failure to mitigate damages within twenty (20) days of the entry of this Order.

Thus, upon due consideration, it is hereby **ORDERED:**

1. Plaintiffs' Motion to Strike (Doc. #18) is **DENIED to the extent that** Defendant's First, Fourth, Sixth, Seventh, and Tenth affirmative defenses shall not be stricken.

2. Defendant shall have **twenty (20) days** from the date of this Order within which **to amend its answer regarding the voluntary withdrawal of the affirmative defenses of laches and failure to mitigate damages**.

3. **Should Defendant decide not to withdraw the affirmative defenses of laches and failure to mitigate damages**, Plaintiff shall have **leave to renew the instant motion as to those defenses only**.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of August, 2008.

Copies to: All Counsel of Record
and *Pro Se* Plaintiffs, if any

**THOMAS E. MORRIS**
United States Magistrate Judge